# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1411

**LORI PHILLIPS**

**VERSUS**

**STATE OF LOUISIANA THROUGH LSU MEDICAL CENTER, HEALTH SCIENCE CENTER, UNIVERSITY MEDICAL CENTER – LAFAYETTE AND JAMES M. ROTH, M.D. AND GUY P. ZERINGUE, M.D.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-5335
HONORABLE EDWARD D. RUBIN, PRESIDING
\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Billy H. Ezell, Judges.

**REVERSED AND REMANDED.**

**L. Clayton Burgess**
**Lauren K. Ledet**
**L. Clayton Burgess, A.P.L.C.**
**605 West Congress Street**
**P.O. Drawer 5250**
**Lafayette, LA 70502-5250**
**(337) 234-7573**
**COUNSEL FOR APPELLANTS:**
  **Lori Phillips**

**James D. "Buddy" Caldwell, Attorney General**
**Paula M. Boagni Bertucinni, Assistant Attorney General**
**Louisiana Department of Justice, Litigation Division**
**1885 North 3rd Street**
**P.O. Box 94005**
**Baton Rouge, LA 70802**
**(225) 326-6320**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
  **State of Louisiana, et al.**

**COOKS, Judge.**

The plaintiff in this medical malpractice claim, Lori Phillips, appeals the trial court's grant of summary judgment dismissing her claim. Finding there were material issues of fact on the issue of informed consent precluding the granting of summary judgment, we reverse and remand for trial on the merits.

## FACTS AND PROCEDURAL HISTORY

On April 18, 2002, Lori Phillips met with Dr. Guy Zeringue, III at University Medical Center (UMC) in Lafayette, Louisiana to discuss a sinus surgery, a brow lift, and the removal of breast implants. According to Dr. Zeringue, he discussed the known risks of the respective surgeries and answered Ms. Phillips questions, before giving her the consent form to read. Ms. Phillips stated she was informed Dr. James Roth would perform the sinus surgery, with Dr. Zeringue assisting, and Dr. Kenneth Odinet would perform the brow lift and breast implant removal. Ms. Phillips maintained at no time in the initial consultation did she execute a consent form. Defendants contend she reviewed and signed the consent form that day.

On May 17, 2002, Ms. Phillips was scheduled to undergo the above procedures. After she was placed under anesthesia, Ms. Phillips was informed that Dr. Odinet had an emergency and would not be able to perform the brow lift and breast implant removal. Ms. Phillips contends at no time did she wilfully give consent to have Dr. Roth and/or Dr. Zeringue perform the brow lift. She stated the only consent form ever presented to her was a one-page document given to her on the morning of her surgeries and while she was under anesthesia. Further, Ms. Phillips stated the document was never explained to her. Defendants assert that Ms. Phillips initialed the consent form after being informed that Dr. Odinet would not be performing the brow lift. The breast implant removal was not performed, and on the

consent form, "removal of breast implants" was scratched out.

Ms. Phillips contends as a result of the negligence of Dr. Roth and Dr. Zeringue in performing the brow lift, she sustained "a large hole around her forehead, which still remains today, more than six years since the surgery." Ms. Phillips submitted her claim to a Medical Review Panel (MRP), alleging medical malpractice by Defendants in negligently performing the brow lift without obtaining informed consent and without proper qualification.

The MRP rendered its decision on July 27, 2006, unanimously agreeing that the evidence in the record did not support Ms. Phillip's claim of medical malpractice or lack of informed consent. The MRP stated:

> It is the opinion of the State Medical Review Panel that the evidence submitted DOES NOT support the conclusion that the defendants . . ., failed to comply with the appropriate standard of care which is required of health care providers, their staff and/or employees of the same specialty, for the following reasons:
>
> The record reflects an executed form of consent signed by the plaintiff which was properly obtained. The executed consent properly discloses all relevant risks associated with the procedure.
>
> Concerning the plaintiff's contention that the named health care providers were not qualified or credentialed, the Panel notes that the record submitted does not reflect the policy of the University Medical Center – Lafayette relative to staffing privileges and, consequently, the Panel is not in a position to express an opinion.
>
> As to the other allegations, the Panel notes that the evidence does not support the conclusion that the defendants failed to comply with the appropriate standard of care as charged in the complaint.

Subsequent to the MRP opinion, Ms. Phillips filed a petition for damages on October 4, 2006. Defendants filed a motion for summary judgment seeking to dismiss all claims. Specifically, Defendants argued because Ms. Phillips had not retained an expert, she could not prevail on her claims without expert opinion. A hearing was held on April 7, 2007, after which the trial court provisionally granted

the motion for summary judgment, giving Ms. Phillips thirty days to file an expert affidavit.

Ms. Phillips retained an expert and submitted his opinion to the trial court. Defendants re-urged their motion for summary judgment. After a second hearing, the court granted the motion for summary judgment dismissing all of Ms. Phillips' claims. Ms. Phillips perfected this appeal, wherein she asserts the following assignments of error:

1.    The trial court erred in ruling that plaintiff needed expert opinion to defeat Defendant's Motion for Summary Judgment.

2.    The trial court erred in finding there was no genuine issue of material fact and that Defendants were entitled to judgment as a matter of law.

**ANALYSIS**

It is well settled that an appellate court performs a *de novo* review of the record on the appeal of a trial court's grant of summary judgment. Pursuant to La.Code Civ.P. art. 966(B), summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

The burden to show that no material issues of fact exist remains with the movant, but this burden shifts to the adverse party once the movant has made a prima facie showing that the motion should be granted. *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41. After a review of the pleadings, depositions, answers to interrogatories, admissions and affidavits, we find there are material issues of fact surrounding the issue of Ms. Phillips' informed consent which preclude the granting of summary judgment.

Defendants contended Ms. Phillips, at a meeting on April 18, 2002, signed the

consent form after a discussion with Dr. Zeringue concerning the known risks of the respective surgeries and answered her questions. Ms. Phillips denied ever signing that form, but did acknowledge that it was discussed that Dr. Roth would perform the sinus surgery, with Dr. Zeringue assisting, and Dr. Odinet would perform the brow lift and breast implant removal. We do note the record includes a consent form with Ms. Phillips signature on it.

On the morning of the surgeries, Dr. Odinet had an emergency and was unable to perform the brow lift and breast implant removal. Defendants contended Dr. Roth went over the consent form with Ms. Phillips, who then signed the form. Ms. Phillips acknowledges signing a one-page consent form given to her on the morning of the surgery, but stated it was not explained to her and was given to her by the nurse. Further, she stated she had already been placed under anesthesia at the time she was presented with this form. She denied ever being informed that Dr. Roth would be performing the brow lift, and thus, did not give any consent for Dr. Roth to perform that surgery on her.

The duty to obtain informed consent is found at La.R.S. 40:1299.40(E)(7)(c), which provides that in order to be covered by the statutory provisions relative to informed consent, "the physician or other health care provider who will actually perform the contemplated medical or surgical procedure" must make the requisite disclosures. Thus, by the express terms of the statute, the duty of obtaining the informed consent of a patient is owed *by the physician or health care provider who will actually be performing the procedure*. The evidence presented shows that even if it were determined that Ms. Phillips signed the initial consent form on April 18, 2002, she did so believing Dr. Odinet would be performing the brow lift. On the morning of the surgery, Dr. Odinet was unavailable. Therefore, the consent form

previously signed by Ms. Phillips was no longer acceptable as Dr. Odinet would not be the surgeon "who [would] actually perform the contemplated medical or surgical procedure."

Ms. Phillips was presented with another consent form to initial on the morning of the surgery. However, there is a factual dispute in the record as to whether this consent form was explained to Ms. Phillips before she signed it, and whether it was ever explained to her that Dr. Roth would be performing the brow lift instead of Dr. Odinet. Further, as it appears she signed this form after being placed under anesthesia, it certainly presents a question of fact as to whether Ms. Phillips was capable of giving *informed* consent. Therefore, there are several material issues of fact on the issue of informed consent that preclude the granting of Defendants' motion for summary judgment. We also do not find merit in the State's argument that Ms. Phillips' needed to present expert testimony on the issue of informed consent to defeat its motion for summary judgment. We find expert testimony in this area was not required.

**DECREE**

Foe the above reasons, the trial court's grant of summary judgment in favor of Defendants is reversed in that there exist genuine issues of material fact regarding whether or not there was a valid informed consent by the Plaintiff prior to surgery. Accordingly, the matter is remanded for trial on the merits. All costs of this appeal are assessed to Defendants-Appellees.

**REVERSED AND REMANDED.**